UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 00-4357

ANTONIO LAMONT LIGHTFOOT,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CR-99-409-ALL)

Submitted: February 28, 2001

Decided: March 28, 2001

Before KING and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert C. Stacy, II, HUNTON & WILLIAMS, McLean, Virginia, for
Appellant. Lynne A. Battaglia, United States Attorney, Ronald J. Ten-
pas, Assistant United States Attorney, Greenbelt, Maryland, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Antonio Lamont Lightfoot appeals his convictions of bank robbery in violation of 18 U.S.C.A. § 2113 (West 2000) and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C.A. § 924(c) (West 2000).

Lightfoot was arrested moments after the conclusion of a vehicle pursuit that began with the report of the robbery of the Branch Bank and Trust located in Camp Springs, Maryland, on September 14, 1999. During the pursuit, an individual subsequently identified as Lightfoot was observed as the passenger in the getaway vehicle. After the vehicle crashed, the driver was quickly apprehended, but the passenger fled. Shortly thereafter, however, Lightfoot was discovered in a yard that was located within two blocks of the crash site but over fifteen miles from his home. After Lightfoot's apprehension, police discovered a bag containing the missing money and a sweatshirt similar to that worn by the robber in a tree in the yard in which Lightfoot had been found. Lightfoot was convicted after a jury trial.

On appeal, Lightfoot contends that the district court erred in admitting evidence of his prior bank robbery convictions under Federal Rule of Evidence 404(b); that the court erred in admitting the expert testimony of an FBI agent concerning the comparison of bank surveillance photographs and physical evidence seized; and that the court erred in denying his motion for a judgment of acquittal that was based on the sufficiency of the evidence. Finding no error, we affirm.

Evidence was admitted at trial in the form of a stipulation that Lightfoot had been convicted of armed bank robbery in 1985 and 1990, and that these crimes were committed using a handgun. Evidence of other crimes is not admissible to prove bad character or criminal propensity. Fed. R. Evid. 404(b). Such evidence is admissi-

2

ble, however, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id.; see United States v. Queen, 132 F.3d 991, 994-95 (4th Cir. 1997). We review a district court's determination of the admissibility of evidence under Rule 404(b) for abuse of discretion, applying a four-factor analysis. Id. at 995, 997. A district court will not be found to have abused its discretion unless its decision to admit evidence under Rule 404(b) was arbitrary or irrational. See United States v. Haney, 914 F.2d 602, 607 (4th Cir. 1990) (upholding admission of evidence of similar prior bank robberies). Limiting jury instructions explaining the purpose for admitting evidence of prior acts and advance notice of the intent to introduce prior act evidence provide additional protection to defendants. See Queen, 132 F.3d at 997. Evidentiary rulings are also subject to review for harmless error under Federal Rule of Criminal Procedure 52, and will be found harmless if the reviewing court can conclude "without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997) (quoting United States v. Heater, 63 F.3d 311, 325 (4th Cir. 1995)).

Our review of the record in this case convinces us that the trial court did not abuse its discretion in admitting the stipulation of Lightfoot's prior convictions as relevant to the issues of identity and intent. Furthermore, even if the court erred, the error was harmless in light of the strong circumstantial evidence of Lightfoot's guilt.

The district court also admitted, over Lightfoot's objection, expert testimony by an FBI agent on the comparison of articles seized from the getaway vehicle and the yard near Lightfoot's arrest with video images of articles worn or used by the robber from the bank video surveillance system. Lightfoot argues that the agent's testimony was not helpful to the jury because it did not involve observations that a lay person was incapable of making, and therefore the testimony was erroneously admitted. We review a district court's decision to admit expert testimony for an abuse of discretion. See Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999). Before allowing expert testimony, the district court must determine that the testimony is both reliable, or scientifically valid; and relevant, that it will assist the trier of fact in understanding or determining a fact in issue in the case. See Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 592-93

3

(1993). Here, we conclude that the district court, after conducting extensive voir dire of the witness, properly admitted his testimony.

At the close of the Government's case, Lightfoot moved for judgment of acquittal, contending that the evidence was insufficient to establish his guilt of either count of the indictment. On appeal, he alleges that the denial of this motion was error. A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. See Glasser v. United States, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the government, and consider whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating the sufficiency of the evidence, we do not review the credibility of the witnesses and assume that the jury resolved all contradictions in the testimony in favor of the government. See United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998), cert. denied, 525 U.S. 1141 (1999). Although the evidence of Lightfoot's guilt was largely circumstantial, it was very persuasive. Viewing that evidence in the light most favorable to the Government, we are convinced that it is more than sufficient to sustain the jury's findings.

Accordingly, we affirm Lightfoot's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4